CV 14 0063

MICHAEL P. MANGAN (MM-5773)
MANGAN GINSBERG LLP
80 Maiden Lane, Suite 509
New York, New York 10038
Phone (212) 248-2171
Fax: (212) 248-2155
*Attorneys for Christopher Lockamy
and Wesley Dobson, Jr.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER LOCKAMY and WESLEY DOBSON, JR.

Plaintiffs,

- against –

THE CITY OF NEW YORK, JOHN DOE Officers A–F, the
name "DOE" being fictitious and intended to represent those
police officers involved in the false arrest of Plaintiffs,

Defendants.

---

COMPLAINT

JURY DEMAND



Plaintiffs, by their attorneys, Mangan Ginsberg, LLP, for their Complaint against the Defendants,

allege, at all times material herein that:

## NATURE OF THE ACTION

1)   Plaintiffs Christopher Lockamy and Wesley Dobson, Jr. bring this 42 U.S.C. § 1983 civil

rights action for false arrest and excessive force stemming from events on April 3, 2013,

when they were pulled over while driving and forcibly arrested without probable cause.

The Plaintiffs were removed from the car and handcuffed without explanation, then

released them, and then re-arrested them with unnecessary violence to humiliate and

injure them. Plaintiffs were detained for about twenty-five hours before the charges were

dismissed, and Wesley Dobson suffered a cut lip and blunt trauma to his face and

abdomen during the unlawful re-arrest.

<u>VENUE AND JURISDICTION</u>

2)      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution, and pursuant to New York

State tort law and the New York State Constitution.

3)      Jurisdiction is founded on the existence of a Federal question, and a question arising

under an Act of Congress, U.S.C. Title 42, § 1983, as hereinafter more fully appears.

4)      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in

which the claim arose.

<u>PARTIES</u>

5)      Plaintiff CHRISTOPHER LOCKAMY is a resident of the State of New York, County of

Kings.

6)      Plaintiff WESLEY DOBSON, JR.  is a resident of the State of New York, County of

Kings.

7)      Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times

material herein, a municipal corporation formed pursuant to the laws of the State of New

York and was the employer of the Defendant agents and officers.

8)      Defendants "John Does" are, upon information and belief, New York City Police

Department Officers, who were involved in the Plaintiffs' forcible arrests on April 3,

2013.

9)      All Defendants were acting under the color of law at all times alleged herein.

10)     The City at all times material herein was responsible for the hiring, training, supervision,

discipline, retention and promotion of the police officers, sergeants, detectives, agents

and/or employees of the New York City Police Department.

2

<u>FACTS</u>

11)  On April 3, 2013, at approximately 4:30 p.m., Christopher Lockamy was driving his car on or near the intersection of Pitkin Avenue and Howard Avenue with two passengers: his cousin, Wesley Dobson, Jr., and an infant neighbor, R.G. Mr. Lockamy was returning from work at an automotive garage where he worked as a mechanic, and was giving the other two passengers a ride to their homes.

12)  While Mr. Lockamy was turning onto Howard Avenue from Pitkin Avenue, an unmarked N.Y.P.D. car with three police officers signaled for Mr. Lockamy to pull over. Christopher Lockamy immediately pulled over on Howard Avenue.

13)  Two police officers in plain clothes initially approached the front of the vehicle, at the driver side window, Christopher observed a white male, plain clothes police officer who was approximately thirty years old, had a mustache and wore glasses. Wesley observed at his passenger side window a white male, plain clothes police officer who was later identified as "Sergeant Grillo."

14)  Christopher Lockamy provided his identification with driving credentials but the police officers never verified the authenticity of the documents.

15)  The police officers ordered the vehicle's occupants out of the car, handcuffed them without explanation and searched the car, but after the search, the police officers only removed the three-inch utility knife, which Christopher Lockamy explained was a work knife that belonged to his grandfather, and had sentimental value to him.

16)  Thereafter, the police officers removed the handcuffs from the Plaintiffs and told them they were free to go. When Mr. Dobson asked again after being released why the police officers detained them in the first place, the officers then re-handcuffed him, and threw

3

him onto the trunk of the vehicle, striking his face and causing his lip to bleed. Mr. Lockamy was also re-handcuffed and thrown to the ground.

17) At the precinct, Wesley Dobson, Jr. received medical attention for his injuries from Emergency Medical Technicians approximately two hours after arrival.

18) The Plaintiffs were then transferred from the precinct to the Central Booking at the Kings Count County Criminal Courthouse, and waited there until approximately 5 p.m. on April 4, 2013 before being arraigned. The Plaintiffs were each offered and accepted an Adjournment in Contemplation of Dismissal of all charges.

## As and For a First Cause of Action

### False Arrest Under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983

19) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

20) Plaintiffs were falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against their will.

21) Defendants John Does violated the protections guaranteed these Plaintiffs as citizens of the United States by arresting, detaining, imprisoning and kidnapping them without probable cause.

22) Defendants John Does committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the Plaintiffs' rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the Plaintiffs' rights, privileges and immunities secured by the United States Constitution.

4

23) All Defendants acted under color of law.

24) Defendants John Does apprehended Plaintiffs based upon improper reasons and without justification.

25) The City of New York violated protections guaranteed to Plaintiffs as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

26) The City of New York violated protections guaranteed to Plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers arrested, detained, imprisoned, humiliated and physically injured the Plaintiffs.

27) All Defendants are liable for said damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

### AS AND FOR A SECOND CAUSE OF ACTION

EXCESSIVE FORCE UNDER THE FOURTH AMENDMENT OF
THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

28) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

29) Defendants used excessive force in detaining Christopher Lockamy and Wesley Dobson, Jr., by unnecessarily striking Wesley Dobson in the face and abdomen, throwing Christopher Lockamy to the ground while he was in handcuffs, and using tightened restraints for excessive periods of time, in violation of the Fourth Amendment.

30) Defendants committed battery against the Plaintiffs in that Defendants actually struck or touched the Plaintiffs without their consent in a violent, angry, offensive, or otherwise harmful manner.

31) Defendants' intent to injure concurred with the use of unlawful violence upon the Plaintiffs. The intended injuries were to the Plaintiffs' minds, emotions, and their bodies.

32) All Defendants acted under color of law.

33) The City of New York violated protections guaranteed to the Plaintiffs as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of race.

34) The City of New York violated protections guaranteed to the Plaintiffs as citizens of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who conducted these acts of violence, assault, battery and excessive force.

35) All Defendants are liable for said damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A THIRD CAUSE OF ACTION

### *MONELL* CLAIM AGAINST THE CITY FOR
### FAILING TO TRAIN AND SUPERVISE POLICE OFFICERS

36) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

37) The City of New York, through the New York City Police Department, maintains policies that its police officers should circumvent the rights, privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

38) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known of their propensity towards arresting on baseless charges and continuing to prosecute such charges even in the face of lacking probable

6

cause, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

39) Not only does the City know that its police officers make these false arrests, and maintain false charges, but it encourages its police officers to do so as a "cost of doing business" by living in certain areas of New York City. Unfortunately, most of these areas are poor areas, where the citizens do not have mobility or the same availability of choices to live somewhere else.

40) The City of New York is liable to Christopher Lockamy and Wesley Dobson, Jr. for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining by the policies of the City of New York.

### AS AND FOR A FOURTH CAUSE OF ACTION

NEGLIGENT HIRING, SUPERVISION, TRAINING AND FAILURE TO DISCIPLINE
UNDER NEW YORK STATE LAW

41) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

42) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known of its police officers' propensity to charge and prosecute citizens on baseless charges, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

43) As a result, Christopher Lockamy and Wesley Dobson, Jr. were falsely arrested, and subjected to excessive force.

44) Plaintiffs were injured due to the failure of the City of New York, through the N.Y.P.D., to properly hire, screen, train, supervise and discipline its officers, including the Defendant John Doe police officers.

45)   The City of New York is liable to Christopher Lockamy and Wesley Dobson, Jr. for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining, pursuant to Tort law of the State of New York.

### As and For a Fifth Cause of Action

#### Assault and Battery
#### Under New York State Law

46)   Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

47)   Defendants battered and assaulted Plaintiff Christopher Lockamy by placing him in handcuffs and throwing him to the ground. Such physical contact was unconsented and unjustifiable.

48)   Defendants battered and assaulted Plaintiff Wesley Dobson by striking him in the face and other parts of the body, and placing him in handcuffs. Such physical contact was unconsented and unjustifiable.

49)   Defendants intended to injure the minds, emotions and physical bodies of the Plaintiffs.

50)   All Defendants acted under color of law.

51)   The City of New York is vicariously liable for the acts of its agents when these acts fall within the scope of the agents' employment.

52)   Defendants JOHN DOE Officers A–F acted as agents of the City, and in their individual capacities.

53)   All Defendants are liable for said injuries pursuant to Tort law of the State of New York.

### As and For a Sixth Cause of Action

#### False Arrest and False Imprisonment
#### Under New York State Law

54)   Defendants intentionally and without any right, arrested Plaintiffs and held them against

their will.

55)   The Defendants arrested and imprisoned Plaintiffs by placing them in handcuffs and
holding them in custody in the precinct and Central Booking from approximately 4:30
p.m. on April 3, 2013 through approximately 5:30 p.m. on April 4, 2013.

56)   At the time of the arrest and imprisonment, Defendants had no reasonable cause to
believe that crime had been committed and that the Plaintiffs were those persons who
committed such crime.

57)   Since there was no probable cause that a crime had been committed by the Plaintiffs, the
Defendants were not justified to arrest and imprison Plaintiffs.

58)   Defendants intended to injure the minds, emotions, and violate the rights, privileges and
immunities of the Plaintiffs guaranteed by the Constitution of the State of New York and
Constitution of the United States.

59)   All Defendants acted under color of law.

60)   The City of New York is vicariously liable for the acts of its agents when these acts fall
within the scope of the agents' employment.

61)   Defendants JOHN DOE Officers A–F acted as agents of the City, and in their individual
capacities.

62)   All Defendants are liable for said injuries pursuant to Tort law of the State of New York

<u>PRAYER FOR RELIEF</u>

63)   WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and
severally, against the Defendants:

(a) Special and compensatory damages in the amount of five hundred-thousand dollars
($500,000);

(b) Punitive damages in the amount of five hundred-thousand dollars ($500,000);

(c) Reasonable attorney's fees and the costs of litigation of this action pursuant to 42

U.S.C. § 1988; *and*

(d) Such other and further relief as this Court deems just, proper and equitable.


Dated: New York, New York
      January 6, 2014

                                      **MANGAN GINSBERG, LLP**

                                      By: Michael P. Mangan (MM-5773)
                                      *Attorney for Plaintiffs*
                                      80 Maiden Lane, Suite 509
                                      New York, NY 10038
                                      Phone (212) 248-2171
                                      Fax: (212) 248-2155